# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

J.L. CURRY and GRACE CURRY

Plaintiffs,

vs.

UNITED STATES OF AMERICA

Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiffs, J.L. Curry ("Mr. Curry") and Grace Curry ("Mrs. Curry") (collectively, "Plaintiffs"), by and through their undersigned attorneys, Martin Kane & Kuper LLC, as and for their Complaint against Defendant, United States of America ("Defendant" or "United States"), allege the following:

### NATURE OF THE ACTION

1. This action is brought by Plaintiffs against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. The allegations of this Complaint sound in medical negligence arising from certain medical care provided to Mr. Curry at a hospital operated and maintained by the Department of Veterans Affairs (the "V.A."), an agency of the United States.

3. The acts and omissions constituting medical malpractice described herein were committed by the V.A.'s medical personnel while acting within the scope of their employment.

## PARTIES

4. Plaintiffs are individuals residing at 123 Hillcrest Terrace, Roselle, New Jersey 07203.

5. The V.A. is an agency of the United States.

6. At all relevant times hereto, the V.A. actively operated and maintained a hospital in New York City located at New York Harbor Healthcare System, 423 E. 23rd Street, New York, NY (the "Defendant Hospital").

7. At all relevant times hereto, the United States employed the V.A., and by virtue of that relationship, the United States is responsible for the medical negligence detailed below.

## JURISDICTION

8. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1346(b) and 2671, *et seq.*

9. The medical care at issue in this action was the subject of an administrative claim timely filed by Plaintiffs in accordance with 28 U.S.C. § 2675 on June 9, 2021.

10. A final disposition of Plaintiffs' administrative claim was not made, and therefore, Plaintiffs' administrative claim is deemed denied pursuant to 28 U.S.C. § 2675.

11. This action is filed in accordance with 28 U.S.C. § 1402(b), because Plaintiffs reside within this judicial district.

## GENERAL ALLEGATIONS

12. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 11, as if fully set forth herein.

13. On or about September 3, 2019, Mr. Curry underwent Coronary Artery Bypass Graft surgery at the Defendant Hospital.

14. Following his surgical procedure, Mr. Curry was a patient of Elmora Hills Rehabilitation and Nursing Center ("Elmora Hills") from September 12, 2019 to October 2, 2019.

15. While he was a patient at Elmora Hills, Mr. Curry continued to follow up and treat with the medical personnel that performed his surgery at the Defendant Hospital.

16. During the course of his post-surgical care, Mr. Curry developed an infection to his surgical site that was not properly treated by the V.A.'s medical personnel, ultimately resulting in Mr. Curry having his right leg amputated on October 11, 2019.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 16, as if fully set forth herein.

18. At all times relevant hereto, the V.A. and Defendant Hospital represented to the public, including Plaintiffs, that the Defendant Hospital was duly qualified, equipped and prepared to provide medical care and treatment consistent with good and accepted standards of medical practice.

19. On or about September 3, 2019, Mr. Curry underwent Coronary Artery Bypass Graft surgery at the Defendant Hospital.

20. Following the September 3, 2019 surgical procedure, Mr. Curry continued to follow up and treat with the V.A. and Defendant Hospital.

21. During the course of his post-surgical care, Mr. Curry developed an infection to his surgical site that was not properly treated by the V.A.'s medical personnel, ultimately resulting in Mr. Curry having his right leg amputated on October 11, 2019.

22. The V.A. and Defendant Hospital owed Mr. Curry a duty to provide him with medical care and treatment consistent with good and accepted standards of medical practice.

23. The medical care provided to Mr. Curry by the V.A. and Defendant Hospital beginning in September 2019 and continuing through October 2019 deviated from standards of good and accepted medical practice, was negligent, and was careless and reckless.

24. At all times relevant hereto, the V.A. and Defendant Hospital employed medical personnel that were unskilled and/or unfit to properly treat Mr. Curry's condition.

25. The surgical procedure performed on Mr. Curry by the V.A. and Defendant Hospital on September 3, 2019 was performed negligently.

26. At all times relevant hereto, the V.A. and Defendant Hospital failed to recognize and protect Mr. Curry against the risk of infection during the post-surgical care and treatment of Mr. Curry's condition.

27. At all times relevant hereto, the V.A. and Defendant Hospital failed to recognize and protect Mr. Curry against the risk of amputation during the post-surgical care and treatment of Mr. Curry's condition.

28. At all times relevant hereto, the V.A. and Defendant Hospital failed to appropriately respond to Mr. Curry's worsening condition during his post-surgical care and treatment.

29. At all times relevant hereto, the V.A. and Defendant Hospital failed to draft, promulgate, adopt and/or enforce appropriate rules, regulations, policies, procedures, by-laws and/or orders to ensure the appropriate care and treatment of someone in Mr. Curry's condition.

30. At all times relevant hereto, the V.A. and Defendant Hospital failed to properly train and supervise the medical personnel involved in Mr. Curry's care and treatment.

31. The acts and/or omissions of the V.A. and Defendant Hospital, constituting medical negligence and malpractice, directly and proximately caused and/or contributed to substantial and permanent injury sustained by Mr. Curry, including amputation of his leg.

**WHEREFORE,** Plaintiffs hereby demand judgment against Defendant United States for all compensatory and other damages allowed by law, and for such further relief that the Court deems appropriate and just.

## AS AND FOR A SECOND CAUSE OF ACTION

32. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

33. At all times relevant hereto, Mr. and Mrs. Curry were lawfully married.

34. As a direct and proximate result of the foregoing deviations from generally accepted standards of medical practice, carelessness, negligence and/or gross negligence of the United States, V.A. and Defendant Hospital, Mrs. Curry was caused to suffer, and will continue to suffer, severe, continuing and permanent damages, including, but not limited to, mental and emotional distress, damages for loss of services, support, society and consortium.

**WHEREFORE,** Plaintiffs hereby demand judgment against Defendant United States for all compensatory and other damages allowed by law, and for such further relief that the Court deems appropriate and just.

MARTIN KANE & KUPER LLC

_____
John J. Kane
180 Tices Lane, Building B, Suite 200
East Brunswick, New Jersey 088116
T. (732) 214-1800
F. (732) 214-0307

Dated: 5/6/22